IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAWN JEANETTE Z.,[1] | 6:19-cv-00423-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

    Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case. Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JOSEPH J. LANGKAMER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2212

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Dane Jeanette Z. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

### I. Prior Claim

On November 7, 2012, Plaintiff filed a prior application for SSI benefits. Tr. 70. Plaintiff alleged a disability onset date of October 31, 2010. Tr. 70. Plaintiff's application was

2 - OPINION AND ORDER

denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 3, 2014. Tr. 70.

On December 17, 2014, the ALJ determined Plaintiff was not disabled from October 31, 2010, through March 31, 2012. Tr. 70-83. There is not any indication in the record that Plaintiff appealed this determination.

**II. Current Claim**

On January 9, 2014, Plaintiff protectively filed her current application for DIB and SSI benefits. Tr. 13, 176.[2] Plaintiff again alleges a disability onset date of October 31, 2010. Tr. 13, 176. Plaintiff's application was denied initially and on reconsideration. The ALJ in this case held a hearing on February 22, 2018. Tr. 13, 32-66. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On April 20, 2018, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 13-27. Plaintiff requested review by the Appeals Council. On January 16, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the

---

[2] Citations to the official Transcript of Record (#7) filed by the Commissioner on August 27, 2019, are referred to as "Tr."

3 - OPINION AND ORDER

ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 22, 2019, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on March 27, 1968. Tr. 26, 176. Plaintiff was 45 years old on the date she filed her application. Tr. 26. Plaintiff has a high-school education and attended one year of college. Tr. 26, 210. Plaintiff has past relevant work experience as a "child monitor" and "day worker." Tr. 25-26.

Plaintiff alleges disability due to "MS symptoms, back pain, PTSD, ADHD, cystitis in bladder, panic attacks, and disc disease." Tr. 209.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 19-25.

## STANDARDS

The initial burden of proof rests on the claimant to

establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

5 - OPINION AND ORDER

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the

Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc.*

*Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in

substantial gainful activity since January 9, 2014, Plaintiff's alleged disability onset date. Tr. 16.

At Step Two the ALJ found Plaintiff has the severe impairments of Degenerative Disc Disease, left-shoulder tendonitis, headaches/migraines, Post-Traumatic Stress Disorder (PTSD), and anxiety disorder. Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 16-18. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: can only occasionally climb ladders, ropes, and scaffolds; can only occasionally stoop, kneel, crouch, and crawl; should avoid concentrated exposure to hazards such as unprotected heights and exposed machinery; should not have any interactions with the general public and only occasional interactions with coworkers in a work setting; should not perform fast-paced production work; and can only handle occasional changes in the work place. Tr. 18. The ALJ also found Plaintiff can frequently climb ramps and stairs; can understand and remember simple as well as some detailed instruction; and has sufficient concentration, persistence, or pace to complete routine tasks for a normal

workday and work week with normal breaks   Tr. 18.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work.  Tr. 25-26.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as small-products assembler, laundry folder, and price marker.  Tr. 26-27. Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 27.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to include limitations from the prior ALJ's unfavorable decision; (2) improperly rejected the opinion of William Weiss, Ph.D., an examining psychologist; and (3) failed to consider the opinion of Tobias Ryan, Psy. D., a consultative physician, regarding Plaintiff's limitations.

**I.   The ALJ properly disregarded the limitation included in Plaintiff's prior RFC determination by another ALJ.**

Plaintiff contends the ALJ erred when she failed to include limitations from another ALJ's unfavorable decision in her assessment of Plaintiff's current RFC.

### A.   Standards

Social Security Acquiescence Ruling (AR) 97-4(9) provides when the ALJ finds a claimant is not disabled, such a

10 - OPINION AND ORDER

determination "gives rise to a presumption that the claimant continues to be not disabled after the period adjudicated." 1997 WL 742758, at *2. To overcome the presumption of continuing nondisability arising from the first ALJ's findings, the claimant must prove there were "changed circumstances" that indicate a disability. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). When a claimant asserts such a disability, the ALJ must give *res judicata* effect to the prior ALJ's "findings of the claimant's [RFC], education, and work experience . . . unless there is new and material evidence relating to the claimant's [RFC], education, and work experience." AR 97-4(9).

**B. Analysis**

As noted, Plaintiff previously applied for benefits in November 2012 for disability commencing on October 31, 2010. Tr. 70. The ALJ who heard Plaintiff's claim at that time determined Plaintiff had the RFC to perform light work with the limitation of only "occasionally" reaching with her left arm. Tr. 76. The ALJ ultimately concluded Plaintiff was not disabled. Tr. 70-83.

Here the ALJ determined the prior ALJ's conclusion that Plaintiff was not disabled had been rebutted by "changes in the mental health listings and changes in the [Plaintiff's]

11 - OPINION AND ORDER

condition since her last hearing." Tr. 13. Accordingly, the
ALJ was not bound by the prior ALJ's assessment of Plaintiff's
RFC. The ALJ also noted even though her assessment of
Plaintiff's current RFC is "fairly consistent" with the prior
ALJ's assessment, here the ALJ incorporated additional
limitations based on Plaintiff's worsening mental health.
Tr. 13.

The ALJ determined Plaintiff has the RFC to perform
light work, but she did not include any limitation regarding
Plaintiff's ability to reach with her left arm. Tr. 18. In
fact, the ALJ noted new and material evidence regarding
Plaintiff's physical functioning showed she could engage in a
range of light work without any reaching limitation. For
example, a physical examination in February 2015 by Andrew Root,
M.D., a consulting physician, showed Plaintiff's extremities do
not show any gross joint abnormalities and that Plaintiff is
able to move all four extremities with normal strength and
sensation. Tr. 20, 615. In July 2015 Steven Koh, M.D., noted
Plaintiff has full range of motion in her arms and she does not
complain about joint pain. Tr. 393-94. In April 2016 Robert
Thornton, M.D., a reviewing physician for the Washington
Department of Social and Health Services, also opined Plaintiff

could perform light work without any reaching limitations. Tr. 785-86. In June 2016 James Irwin, M.D., another reviewing physician, reached the same conclusion. Tr. 112.

On this record the Court concludes the ALJ was not required to include any limitations from the prior ALJ's unfavorable decision, including the prior ALJ's limitation for reaching.

**II. The ALJ properly discounted Dr. Weiss's opinion.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Weiss, Ph.D., an examining psychologist.

**A. Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject

13 - OPINION AND ORDER

it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B.  Analysis**

On May 13, 2016, Dr. Wiess, an examining psychologist, performed a Psychological/Psychiatric Evaluation of Plaintiff. Tr. 578. He opined Plaintiff has marked limitations in her ability to understand, to remember, and to persist in doing tasks with even short and simple instructions and is severely limited in her ability to understand, to remember, and to persist in tasks with detailed instructions. Tr. 580. He also opined Plaintiff is unable to perform activities within a schedule, to maintain regular attendance, and to be punctual "within customary tolerances without special supervision." Tr. 580.

The ALJ gave "little weight" to Dr. Weiss's opinion on

the grounds that it was not supported by the medical record and was inconsistent with Plaintiff's activities of daily living. Tr. 24. The ALJ also noted Dr. Weiss's opinion conflicted with Dr. Ryan's opinion that Plaintiff can perform simple or repetitive tasks and can moderately perform detailed or complex cognitive tasks without special instructions. Tr. 23, 575. Dr. Weiss's opinion also conflicted with the opinions of Dr. Bruce Eather, Ph.D., and Dr. Winifred Ju, Ph.D., agency consultants, that Plaintiff has mild limitations in her activities of daily living; moderate limitations in concentration, persistence, or pace; and moderate limitations in social functioning. Tr 25, 96. 110.

On this record the Court concludes the ALJ properly discounted the opinion of Dr. Weissan and provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ properly determined Plaintiff's RFC.**

Plaintiff contends the ALJ failed to incorporate in her assessment of Plaintiff's RFC all of the limitations identified by Dr. Ryan.

    **A.   Standards**

The claimant's RFC is an assessment of the sustained,

work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.

**B.   Analysis**

On January 12, 2016, Dr. Ryan performed a consultative examination of Plaintiff. Tr. 569. Dr. Ryan opined Plaintiff can perform simple or repetitive work. Tr. 575. Dr. Ryan, however, also concluded Plaintiff is mildly-to-moderately impaired in her ability to perform detailed or complex cognitive tasks; moderately impaired in her ability to accept instructions from supervisors or to interact with co-workers or the public; and moderately-to-severely impaired in her ability to function actively in a daily/weekly work schedule or to adapt to a work environment or new activities due to low motivation and chronic pain. Tr. 575.

The ALJ gave Dr. Ryan's opinion "great weight" on the grounds that it is largely consistent with the overall medical evidence and is consistent with the ALJ's assessment of Plaintiff's RFC. Tr. 23-24. As noted, the ALJ determined

Plaintiff has the RFC to perform light work, can understand and remember simple as well as more detailed instructions, can complete routine tasks within a normal workday, can handle occasional changes to the work place, can have occasional interactions with coworkers, and can accept supervision. The ALJ, however, found Plaintiff cannot interact with the general public and cannot perform fast-paced production work. Tr. 18.

Plaintiff argues the ALJ ignored Dr. Ryan's opinion that Plaintiff's ability to function actively in a daily/weekly work schedule was moderately-to-severely impaired. Plaintiff also points out that the ALJ included the following in her assessment of Plaintiff's RFC: Plaintiff is capable of understanding and remembering simple and some detailed instructions and is able to accept supervision. These limitations are contradicted by Dr. Ryan, and the ALJ ignored Dr. Ryan's opinion without explanation.

A claimaint's RFC determination represents the most a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. § 416.945. The ALJ's RFC assessment is an administrative finding based on all relevant evidence in the record rather than just the medical evidence. *Id.* The ALJ is responsible for evaluating the medical evidence and translating

the evidence into a "succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ is not required to include in her assessment of a claimant's RFC every limitation opined by medical providers. *See, e.g., Wade v. Astrue*, No. 09-215, 2010 WL 4867377, at *5 (E.D. Wash. Nov. 23, 2010)(ALJ "not required to include, verbatim, each limitation marked in a credited opinion"). The final determination regarding a claimant's ability to perform basic work, however, is the sole responsibility of the Commissioner. 20 C.F.R. § 416.946. See also *SSR* 96-5p. No special significance may be given to a medical-source opinion on issues reserved to the Commissioner. 20 C.F.R. § 416.927(e).

Here the ALJ limited Plaintiff's physical and mental activity in the workplace to "light work." Tr. 18. The ALJ based this determination on a review of the complete medical record that shows Plaintiff walks with a normal gait, exhibits full muscle strength, and has mostly intact mental functioning. Tr. 393-94, 453-54, 615, 740, 760. Dr. Ryan found Plaintiff could perform simple repetitive work without impairment and could perform detailed or complex tasks with only mild or moderate issues. Tr. 575. Dr. Ryan also noted Plaintiff has only moderate issues in accepting instructions from supervisors

or interacting with others.  Tr. 575.  In addition, Drs. Eather and Ju opined Plaintiff does not have problems interacting with supervisors.  Tr. 25, 100-01, 114.

On this record the Court concludes the ALJ did not err in her assessment of Plaintiff's RFC and properly accounted for all limitations supported by the medical record.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 11th day of March, 2020.

                                      Anna J. Brown
                              _____
                              ANNA J. BROWN
                              United States Senior District Judge